# IN THE UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARY LOU WALEN** §<br>**12516 NE 117th Street**<br>**Unit C7** §<br>**Kirkland, Washington 98034**<br>§<br>    **Plaintiff**<br>§<br>**v.**<br>§<br>**THE UNITED STATES OF AMERICA**<br>§<br>    Serve:<br>§<br>    **Vincent H. Cohen, Jr.**<br>    **United States Attorney for the** §<br>    **District of Columbia (Acting)**<br>    **555 4th Street, NW** §<br>    **Washington, D.C. 20530**<br>§<br>    **Civil Process Clerk**<br>    **United States Attorney's Office** §<br>    **555 4th Street, NW**<br>    **Washington, D.C. 20530** §<br>§<br>    **Loretta Lynch** §<br>    **United States Attorney General**<br>    **United States Dept. of Justice** §<br>    **950 Pennsylvania Avenue, NW**<br>    **Washington, D.C. 20530-0001** §<br>§<br>**and** §<br>§<br>**THE UNITED STATES DEPARTMENT** §<br>**OF THE INTERIOR**<br>**1849 C Street, NW** §<br>**Washington, D.C. 20240**<br>§<br>    Serve: | **CIVIL Case No.:  1:15-CV-01718** |

| | |
|---|---|
| **Sally Jewell** | § |
| **Secretary, U.S. Department** | |
| **of the Interior** | § |
| **1849 C Street, NW** | |
| **Washington, D.C. 20240** | § |
| | |
| **Vincent H. Cohen, Jr.** | § |
| **United States Attorney for the** | |
| **District of Columbia (Acting)** | § |
| **555 4th Street, NW** | |
| **Washington, D.C. 20530** | § |
| | |
| **Civil Process Clerk** | § |
| **United States Attorney's Office** | |
| **555 4th Street, NW** | § |
| **Washington, D.C. 20530** | |
| | § |
| **Loretta Lynch** | |
| **United States Attorney General** | § |
| **United States Dept. of Justice** | |
| **950 Pennsylvania Avenue, NW** | § |
| **Washington, D.C. 20530-0001** | |
| | § |
| and | |
| | § |
| **THE NATIONAL PARK SERVICE** | |
| **1849 C Street, NW** | § |
| **Washington, D.C. 20240** | |
| | § |
| **Serve:** | |
| | § |
| **Jonathan B. Jarvis, Director** | |
| **National Park Service** | § |
| **1849 C Street, NW,** | |
| **Washington, D.C. 20240** | § |
| | |
| **Vincent H. Cohen, Jr.** | § |
| **United States Attorney for the** | |
| **District of Columbia (Acting)** | § |
| **555 4th Street, NW** | |
| **Washington, D.C. 20530** | § |
| | |
| **Civil Process Clerk** | § |
| **United States Attorney's Office** | |
| **555 4th Street, NW** | § |
| **Washington, D.C. 20530** | |

| | |
|---|---|
| **Loretta Lynch** <br> **United States Attorney General** <br> **United States Dept. of Justice** <br> **950 Pennsylvania Avenue, NW** <br> **Washington, D.C. 20530-0001** | § <br> <br> § <br> <br> § |
| **and** | § |
| **THE NATIONAL CAPITAL REGION OF THE NATIONAL PARK SERVICE** <br> **1100 Ohio Drive, SW** <br> **Washington, D.C. 20242** | § <br> <br> § <br> <br> § |
| **Serve:** | § |
| **Bob Vogel, Regional Director** <br> **1100 Ohio Drive, SW** <br> **Washington, D.C. 20242** | § <br> <br> § |
| **Vincent H. Cohen, Jr.** <br> **United States Attorney for the District of Columbia (Acting)** <br> **555 4th Street, NW** <br> **Washington, D.C. 20530** | § <br> § <br> <br> § <br> <br> § |
| **Civil Process Clerk** <br> **United States Attorney's Office** <br> **555 4th Street, NW** <br> **Washington, D.C. 20530** | § <br> <br> § |
| **Loretta Lynch** <br> **United States Attorney General** <br> **United States Dept. of Justice** <br> **950 Pennsylvania Avenue, NW** <br> **Washington, D.C. 20530-0001** | § <br> <br> § <br> <br> § |
| **and** | § |
| **THE DISTRICT OF COLUMBIA** | § |
| **Serve:** | § |
| **Mayor Muriel Bowser** <br> **John A. Wilson Building** <br> **1350 Pennsylvania Avenue, NW** <br> **Washington, D.C. 20004** | <br> <br> § |

| | |
|---|---|
| **Karl A. Racine** § | |
| **Attorney General of the** | |
| **District of Columbia** § | |
| **441 4th Street, NW, Suite 600S** | |
| **Washington, D.C. 20001** § | |
| | |
| **Office of Corporation Counsel** § | |
| **441 4th Street, NW, Suite 600S** | |
| **Washington, D.C. 20001** § | |
| | |
| **Defendants** § | |

## COMPLAINT
## AND JURY DEMAND

COMES NOW Plaintiff, Mary Lou Walen, by and through her attorneys, John J. Yannone, Esq., Matthew M. Davey, Esq. and PRICE BENOWITZ, LLP, and sues Defendants, The United States of America, United States Department of the Interior, National Park Service, National Capital Region of the National Park Service and the District of Columbia, and for cause, respectfully states as follows:

### FACTS COMMON TO ALL COUNTS

1. This suit is being brought for money damages for injuries caused by the negligence or wrongful acts or omissions of Defendants, the United States of America, United States Department of the Interior, National Park Service, and the National Capital Region division of the National Park Service, and the District of Columbia.

2. This Court has jurisdiction over this cause of action pursuant to the Federal Tort Claims Act, 28 U.S.C. §§1346(b) and pursuant to 28 U.S.C. §1332(a).

3. Venue is proper in this District pursuant to 28 U.S.C. §1402(b), as this is a tort claim against the United States arising under 28 U.S.C. 1346(b), and all of the events or omissions giving rise to this claim occurred in this District.

4. At all times relevant hereto, the United States Department of the Interior acting through the National Park Service and/or National Capital Region division of the National Park Service was a "Federal agency" as within the meaning of 28 U.S.C. §2671.

5. Plaintiff Mary Lou Walen is an adult resident of the State of Washington.

6. At the time of her injuries, Ms. Walen was a resident of the District of Columbia.

7. On or about October 29, 2012, at approximately 3:15 p.m., Ms. Walen, a pedestrian, was walking along the Klingle Bridge on the west side of Connecticut Avenue, NW, in the District of Columbia.

8. The Klingle Bridge spans the Klingle Valley, which, upon information and belief, is part of Rock Creek Park.

9. At approximately the same time and place, suddenly and without warning, a tree limb struck Ms. Walen, crushing her and causing her serious, severe and permanent injuries.

10. Upon information and belief, at all times relevant hereto, Defendant the United States of America, by and through the United States Department of the Interior acting through the National Park Service and/or National Capital Region division of the National Park Service, exercised control over the trees in Rock Creek Park, the Klingle Valley and its surrounding environs, including specifically the trees along both sides of Connecticut Avenue, NW at or near the Klingle Bridge.

11. At all times relevant hereto, Defendants the United States, United States Department of the Interior, National Park Service, and/or National Capital Region division of the National Park Service owed a continuing duty of care to Ms. Walen to inspect and

maintain its trees and parks in a reasonably safe condition, with due regard for dangerous conditions that pose a risk of harm to persons lawfully traveling in or near Rock Creek Park, the Klingle Valley, the Klingle Bridge and/or Connecticut Avenue, NW.

12. Ms. Walen has complied timely with 28 U.S.C. § 2401(b) by providing notice of her claim via Standard Form 95 to the National Park Service regarding her injuries and damages which were tortiously caused by the Defendants. Ms. Walen's claim requested damages in the amount of Five Million Dollars ($5,000,000.00).

13. To date, the United States of America, United States Department of the Interior, National Park Service, and/or National Capital Region division of the National Park Service have failed to make any disposition of Ms. Walen's claim.

14. The instant suit is timely under 28 U.S.C. §§ 2401(b), 2675(a).

15. Upon information and belief, at all times relevant hereto, Defendant the District of Columbia exercised control over the roadways, sidewalks and trees in the District of Columbia, including, but not limited to, Connecticut Avenue, N.W., at or near the Klingle Bridge.

16. At all times relevant hereto, the District of Columbia owed a continuing duty to Ms. Walen to inspect and maintain the roadways, sidewalks and trees under its control and keep them in a reasonably safe condition, with due regard for dangerous conditions that posed a risk of harm to persons lawfully on the streets, roads, and sidewalks of the District of Columbia, including specifically Connecticut Avenue at or near the Klingle Bridge.

17. Ms. Walen has complied timely with D.C. Code §12-309 by providing notice of her claim via certified mail to the Mayor of the District of Columbia through her designee, Phillip A. Lattimore.

## COUNT I
### (Negligence – The United States of America)

18. Plaintiff re-alleges and incorporates by reference herein each and every allegation in paragraphs 1-17 as if more fully set forth herein, and further states as follows:

19. The United States of America had a duty to inspect and maintain its parks, trees and the surrounding environs so as to avoid the risk of harm or bodily injury.

20. The United States of America breached this duty by, *inter alia*, failing to exercise ordinary care in its inspection and maintenance of Rock Creek Park and its trees, failing to keep adequate records of inspection and maintenance protocols for trees in its control in Rock Creek Park, and failing to remove any and all trees, limbs, branches and/or debris that posed a threat of harm or bodily injury in a timely manner.

21. As a direct and proximate result of the aforesaid breach of its duty, Ms. Walen suffered, and will continue to suffer, severe bodily injuries, great physical pain, severe and substantial emotional distress, mental anguish, and diminished capacity for the enjoyment of life.

22. As a further result of the United States' breach of its duty, Ms. Walen has incurred, and will continue to incur, substantial medical and related expenses, pain and suffering, loss of earnings, a permanent disability, permanent scarring, loss of employment opportunity, loss of time and enjoyment from her customary leisure and

recreational activities, and permanent impairment of her customary leisure and recreational activities.

23. All of Ms. Walen's losses and damages were directly and proximately caused by the aforementioned negligence of Defendant.

24. Ms. Walen was not contributorily negligent.

WHEREFORE, Plaintiff Mary Lou Walen demands judgment from and against Defendant the United States of America, in the full amount of Five Million Dollars ($5,000,000.00), plus reasonable attorneys' fees, interest, and costs.

## COUNT II
### (Negligence – The United States Department of the Interior)

25. Plaintiff re-alleges and incorporates by reference herein each and every allegation in paragraphs 1-24 as if more fully set forth herein, and further states as follows:

26. The United States Department of the Interior ("U.S.D.I") acting through the National Park Service and/or the National Capital Region of the National Park Service has a duty to inspect and maintain its parks, trees and surrounding environs so as to avoid the risk of harm or bodily injury.

27. The U.S.D.I. breached this duty by, *inter alia*, failing to exercise ordinary care in its inspection and maintenance of Rock Creek Park and its trees, failing to keep adequate records of inspection and maintenance protocols for trees in its control in Rock Creek Park, and failing to remove any and all trees, limbs, branches and/or debris that posed a threat of harm or bodily injury in a timely manner.

28. As a direct and proximate result of the aforesaid breach of its duty, Ms. Walen suffered, and will continue to suffer, severe bodily injuries, great physical pain,

severe and substantial emotional distress, mental anguish, and diminished capacity for the enjoyment of life.

29. As a further result of the U.S.D.I.'s breach of its duty, Ms. Walen has incurred, and will continue to incur, substantial medical and related expenses, pain and suffering, loss of earnings, a permanent disability, permanent scarring, loss of employment opportunity, loss of time and enjoyment from her customary leisure and recreational activities, and permanent impairment of her customary leisure and recreational activities.

30. All of Ms. Walen's losses and damages were directly and proximately caused by the aforementioned negligence of Defendant.

31. Ms. Walen was not contributorily negligent.

WHEREFORE, Plaintiff Mary Lou Walen demands judgment from and against Defendant United States Department of the Interior, in the full amount of Five Million Dollars ($5,000,000.00), plus reasonable attorneys' fees, interest, and costs.

## COUNT III
**(Negligence – The National Park Service)**

32. Plaintiff re-alleges and incorporates by reference herein each and every allegation in paragraphs 1-31 as if more fully set forth herein, and further states as follows:

33. The National Park Service has a duty to inspect and maintain its parks, trees and surrounding environs so as to avoid the risk of harm or bodily injury.

34. The National Park Service breached this duty by, *inter alia*, failing to exercise ordinary care in its inspection and maintenance of Rock Creek Park and its trees, failing to keep adequate records of inspection and maintenance protocols for trees in its control in Rock Creek Park, and failing to remove any and all trees, limbs,

branches and/or debris that posed a threat of harm or bodily injury in a timely manner.

35. As a direct and proximate result of the aforesaid breach of its duty, Ms. Walen suffered, and will continue to suffer, severe bodily injuries, great physical pain, severe and substantial emotional distress, mental anguish, and diminished capacity for the enjoyment of life.

36. As a further result of the National Park Service's breach of its duty, Ms. Walen has incurred, and will continue to incur, substantial medical and related expenses, pain and suffering, loss of earnings, a permanent disability, permanent scarring, loss of employment opportunity, loss of time and enjoyment from her customary leisure and recreational activities, and permanent impairment of her customary leisure and recreational activities.

37. All of Ms. Walen's losses and damages were directly and proximately caused by the aforementioned negligence of Defendant.

38. Ms. Walen was not contributorily negligent.

WHEREFORE, Plaintiff Mary Lou Walen demands judgment from and against Defendant National Park Service, in the full amount of Five Million Dollars ($5,000,000.00), plus reasonable attorneys' fees, interest, and costs.

### COUNT IV
**(Negligence – National Capital Region of the National Park Service)**

39. Plaintiff re-alleges and incorporates by reference herein each and every allegation in paragraphs 1-38 as if more fully set forth herein, and further states as follows:

40. The National Capital Region of the National Park Service ("National Capital Region") has a duty to inspect and maintain its parks, trees and surrounding environs so as to avoid the risk of harm or bodily injury.

41. National Capital Region breached this duty by, *inter alia*, failing to exercise ordinary care in its inspection and maintenance of Rock Creek Park and its trees, failing to keep adequate records of inspection and maintenance protocols for trees in its control in Rock Creek Park, and failing to remove any and all trees, limbs, branches and/or debris that posed a threat of harm or bodily injury in a timely manner.

42. As a direct and proximate result of the aforesaid breach of its duty, Ms. Walen suffered, and will continue to suffer, severe bodily injuries, great physical pain, severe and substantial emotional distress, mental anguish, and diminished capacity for the enjoyment of life.

43. As a further result of the National Capital Region's breach of its duty, Ms. Walen has incurred, and will continue to incur, substantial medical and related expenses, pain and suffering, loss of earnings, a permanent disability, permanent scarring, loss of employment opportunity, loss of time and enjoyment from her customary leisure and recreational activities, and permanent impairment of her customary leisure and recreational activities.

44. All of Ms. Walen's losses and damages were directly and proximately caused by the aforementioned negligence of Defendant.

45. Ms. Walen was not contributorily negligent.

WHEREFORE, Plaintiff Mary Lou Walen demands judgment from and against Defendant National Capital Region of the National Park Service, in the full amount of Five Million Dollars ($5,000,000.00), plus reasonable attorney's fees, interest, and costs.

### COUNT V
### (Negligence – The District of Columbia)

46. Plaintiff re-alleges and incorporates by reference herein each and every allegation in paragraphs 1-45 as if more fully set forth herein, and further states as follows:

47. The District of Columbia has a duty to inspect and maintain its roads, sidewalks, and trees so as to avoid risk of harm or bodily injury.

48. The District of Columbia breached this duty by, *inter alia*, failing to exercise ordinary care in its inspection and maintenance of roads, sidewalks and trees in its control, failing to keep adequate records of inspection and maintenance protocols for roads, sidewalks and trees in its control, failing to remove any and all trees, limbs, branches and/or debris that posed a threat of harm or bodily injury in a timely manner, and failing to maintain a safe manner of travel along its roadways and sidewalks.

49. As a direct and proximate result of the aforesaid breach of its duty, Ms. Walen suffered, and will continue to suffer, severe bodily injuries, great physical pain, severe and substantial emotional distress, mental anguish, and diminished capacity for the enjoyment of life.

50. As a further result of the District of Columbia's breach of its duty, Ms. Walen has incurred, and will continue to incur, substantial medical and related expenses, pain and suffering, loss of earnings, a permanent disability, permanent scarring, loss of employment opportunity, loss of time and enjoyment from her customary leisure and

recreational activities, and permanent impairment of her customary leisure and recreational activities.

51. All of Ms. Walen's losses and damages were directly and proximately caused by the aforementioned negligence of Defendant.

52. Ms. Walen was not contributorily negligent.

WHEREFORE, Plaintiff Mary Lou Walen demands judgment from and against Defendant the District of Columbia, in the full amount of Five Million Dollars ($5,000,000.00), plus reasonable attorney's fees, interest, and costs.

Respectfully Submitted,

**PRICE BENOWITZ, LLP**

By: */s/ John J. Yannone*
John J. Yannone, Esq.
Federal Bar No. 452458
*/s/ Matthew M. Davey*
Matthew M. Davey, Esq.
Federal Bar No. 484524
Price Benowitz, LLP
409 7th Street NW, Suite #200
Washington, DC 20004
(202) 417-6000 (p)
(301) 244-6659 (f)
*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff Mary Lou Walen requests a trial by jury on all eligible claims raised herein.

By: */s/ John J. Yannone*
John J. Yannone, Esq.
Federal Bar No. 452458

*/s/ Matthew M. Davey*
Matthew M. Davey, Esq.
Federal Bar No. 484524