# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MARY LOU WALEN, | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No.: 15-1718(BAH) |
| THE UNITED STATES OF AMERICA, *et al*. | § | |
| | § | |
| Defendants. | | |

## PLAINTIFF'S EXPERT WITNESS DISCLOSURES

Pursuant to Rule 26(b)(4)(A) of the Federal Rules of Civil Procedure, Local Rules and this Court's Scheduling Order, Plaintiff Mary Lou Walen submits her Expert Witness Disclosures.

The following persons may provide expert opinions regarding the events and facts alleged in the Complaint:

1. Susan P. Lucas, #2978 (EMT-P)
   DC Fire and EMS
   1923 Vermont Avenue, N.W
   Washington, DC 20001

Ms. Lucas is an emergency medicine technician at DC Fire and EMS in Washington, D.C. Plaintiff anticipates calling Ms. Lucas to give testimony at the trial of this matter in the field of emergency medicine and Plaintiff's subsequent treatment. Through her education, training, and professional experience, Ms. Lucas has expert knowledge in the field of emergency medicine response. A copy of her curriculum vitae is available upon request.

Ms. Lucas is expected to give testimony concerning treatment of the injuries that Plaintiff sustained as a result of a tree limb striking Plaintiff occurring on October 29, 2012, which is the

subject matter of this litigation. Ms. Lucas shall testify to a reasonable degree of medical probability as to the causal relation of the injuries and treatment to the incident, as well as to the medical necessity of the treatment rendered by health care providers to Plaintiff. Ms. Lucas will give testimony concerning the findings and opinions contained in any report that she may produce. Ms. Lucas will also offer opinions concerning the conclusions and findings rendered by Defendant's experts in their reports, at their depositions, and at trial.

The opinions and conclusions of Ms. Lucas are held to a reasonable degree of medical probability and certainty with respect to her position as an emergency medical responder. The opinions contained herein have been distilled by counsel, are not necessarily to the exact word usage and sentence structure of the witness, and do not necessarily present the entirety of Ms. Lucas' opinions regarding Plaintiff. Reference has not necessarily been made been made to each pertinent part of the medical and other records and literature. Nor is the full expanse of the witness' opinions and the factual bases therefore, necessarily contained in this designation. Ms. Lucas' opinions may be altered or modified based upon the receipt of additional information. Plaintiff reserves the right to supplement this designation should Ms. Lucas develop any additional opinions during the course of litigation.

2. Vance L. Pitts, #1372 (EMT-B)
   DC Fire and EMS
   1923 Vermont Avenue, N.W
   Washington, DC 20001

Mr. Pitts is an emergency medicine technician at DC Fire and EMS in Washington, D.C. Plaintiff anticipates calling Mr. Pitts to give testimony at the trial of this matter in the field of emergency medicine and Plaintiff's subsequent treatment. Through his education, training, and professional experience, Mr. Pitts has expert knowledge in the field of emergency medicine response. A copy of his curriculum vitae is available upon request.

Mr. Pitts is expected to give testimony concerning treatment of the injuries that Plaintiff sustained as a result of a tree limb striking Plaintiff occurring on October 29, 2012, which is the subject matter of this litigation. Mr. Pitts shall testify to a reasonable degree of medical probability as to the causal relation of the injuries and treatment to the incident, as well as to the medical necessity of the treatment rendered by health care providers to Plaintiff. Mr. Pitts will give testimony concerning the findings and opinions contained in any report that he may produce. Mr. Pitts will also offer opinions concerning the conclusions and findings rendered by Defendant's experts in their reports, at their depositions, and at trial.

The opinions and conclusions of Mr. Pitts are held to a reasonable degree of medical probability and certainty with respect to his position as an emergency medical responder. The opinions contained herein have been distilled by counsel, are not necessarily to the exact word usage and sentence structure of the witness, and do not necessarily present the entirety of Mr. Pitts' opinions regarding Plaintiff. Reference has not necessarily been made been made to each pertinent part of the medical and other records and literature. Nor is the full expanse of the witness' opinions and the factual bases therefore, necessarily contained in this designation. Mr. Pitts' opinions may be altered or modified based upon the receipt of additional information. Plaintiff reserves the right to supplement this designation should Mr. Pitts develop any additional opinions during the course of litigation.

3. Joseph Papariello, #1716 (EMT-P)
   DC Fire and EMS
   1923 Vermont Avenue, N.W
   Washington, DC 20001

Mr. Papariello is an emergency medicine technician at DC Fire and EMS in Washington, D.C. Plaintiff anticipates calling Mr. Papariello to give testimony at the trial of this matter in the field of emergency medicine and Plaintiff's subsequent treatment. Through his education,

training, and professional experience, Mr. Papariello has expert knowledge in the field of emergency medicine response. A copy of his curriculum vitae is available upon request.

Mr. Papariello is expected to give testimony concerning treatment of the injuries that Plaintiff sustained as a result of a tree limb striking Plaintiff occurring on October 29, 2012, which is the subject matter of this litigation. Mr. Papariello shall testify to a reasonable degree of medical probability as to the causal relation of the injuries and treatment to the incident, as well as to the medical necessity of the treatment rendered by health care providers to Plaintiff. Mr. Papariello will give testimony concerning the findings and opinions contained in any report that he may produce. Mr. Papariello will also offer opinions concerning the conclusions and findings rendered by Defendant's experts in their reports, at their depositions, and at trial.

The opinions and conclusions of Mr. Papariello are held to a reasonable degree of medical probability and certainty with respect to his position as an emergency medical responder. The opinions contained herein have been distilled by counsel, are not necessarily to the exact word usage and sentence structure of the witness, and do not necessarily present the entirety of Mr. Papariello's opinions regarding Plaintiff. Reference has not necessarily been made been made to each pertinent part of the medical and other records and literature. Nor is the full expanse of the witness' opinions and the factual bases therefore, necessarily contained in this designation. Mr. Papariello's opinions may be altered or modified based upon the receipt of additional information. Plaintiff reserves the right to supplement this designation should Mr. Papariello develop any additional opinions during the course of litigation.

4. Babak Sarani, M.D., FACS, FCCM
   GWU Hospital
   900 23rd Street, N.W.
   Washington, DC 20037

Dr. Sarani is a trauma and acute care surgeon at George Washington University Hospital in Washington, D.C. Plaintiff anticipates calling Dr. Sarani to give testimony at the trial of this matter in the field of trauma surgery, emergency medicine, and Plaintiff's subsequent treatment. Through his education, training, and professional experience, Dr. Sarani has expert knowledge in the field of emergency medicine and trauma surgery. A copy of his curriculum vitae is available upon request.

Dr. Sarani is expected to give testimony concerning treatment of the injuries that Plaintiff sustained as a result of a tree limb striking Plaintiff occurring on October 29, 2012, which is the subject matter of this litigation, and all of the treatment rendered to Plaintiff from the different health care providers. Dr. Sarani shall testify to a reasonable degree of medical probability as to the causal relation of the injuries and treatment to the incident, as well as to the medical necessity of the treatment rendered by health care providers to Plaintiff. Dr. Sarani will further testify as to the fairness, reasonableness, necessity, and causal relation of the medical bills incurred as a result of treatment rendered to the Plaintiff.

Dr. Sarani will give testimony concerning the findings and opinions contained in any report that he may produce. Dr. Sarani will also give testimony concerning the findings and opinions contained in the reports of other healthcare providers, who rendered care to the Plaintiff as a result of the incident. Dr. Sarani will also offer opinions concerning the conclusions and findings rendered by Defendant's experts in their reports, at their depositions, and at trial.

The opinions and conclusions of Dr. Sarani are held to a reasonable degree of medical probability and certainty. The opinions contained herein have been distilled by counsel, are not necessarily to the exact word usage and sentence structure of the witness, and do not necessarily present the entirety of Dr. Sarani's opinions regarding Plaintiff. Reference has not necessarily

been made been made to each pertinent part of the medical and other records and literature. Nor is the full expanse of the witness' opinions and the factual bases therefore, necessarily contained in this designation. Dr. Sarani's opinions may be altered or modified based upon the receipt of additional information. Plaintiff reserves the right to supplement this designation should Dr. Sarani develop any additional opinions during the course of litigation.

5. Rajeev Pandarinath, M.D.
   GWU Hospital
   900 23rd Street, N.W.
   Washington, DC 20037

Dr. Pandarinath is an orthopedic surgeon at George Washington University Hospital in Washington, D.C.  Plaintiff anticipates calling Dr. Pandarinath to give testimony at the trial of this matter in the field of orthopedic surgery and Plaintiff's subsequent treatment. Through his education, training, and professional experience, Dr. Pandarinath has expert knowledge in the field of emergency medicine and orthopedic surgery.  A copy of his curriculum vitae is available upon request.

Dr. Pandarinath is expected to give testimony concerning treatment of the injuries that Plaintiff sustained as a result of a tree limb striking Plaintiff occurring on October 29, 2012, which is the subject matter of this litigation, and all of the treatment rendered to Plaintiff from the different health care providers. Dr. Pandarinath shall testify to a reasonable degree of medical probability as to the causal relation of the injuries and treatment to the incident, as well as to the medical necessity of the treatment rendered by health care providers to Plaintiff. Dr. Pandarinath will further testify as to the fairness, reasonableness, necessity, and causal relation of the medical bills incurred as a result of treatment rendered to the Plaintiff.

Dr. Pandarinath will give testimony concerning the findings and opinions contained in any report that he may produce. Dr. Pandarinath will also give testimony concerning the findings

and opinions contained in the reports of other healthcare providers, who rendered care to the Plaintiff as a result of the incident. Dr. Pandarinath will also offer opinions concerning the conclusions and findings rendered by Defendant's experts in their reports, at their depositions, and at trial.

The opinions and conclusions of Dr. Pandarinath are held to a reasonable degree of medical probability and certainty. The opinions contained herein have been distilled by counsel, are not necessarily to the exact word usage and sentence structure of the witness, and do not necessarily present the entirety of Dr. Pandarinath's opinions regarding Plaintiff. Reference has not necessarily been made been made to each pertinent part of the medical and other records and literature. Nor is the full expanse of the witness' opinions and the factual bases therefore, necessarily contained in this designation. Dr. Pandarinath's opinions may be altered or modified based upon the receipt of additional information. Plaintiff reserves the right to supplement this designation should Dr. Pandarinath develop any additional opinions during the course of litigation.

6. Edward F. Dunne, Jr., M.D., FACS
   Foxhall Urology
   3301 New Mexico Ave, NW, Suite 311
   Washington, D.C. 20016

Dr. Dunne is a urologist at Foxhall Urology in Washington, D.C.  Plaintiff anticipates calling Dr. Dunne to give testimony at the trial of this matter in the field of urology and Plaintiff's subsequent treatment. Through his education, training, and professional experience, Dr. Dunne has expert knowledge in the field of emergency medicine and urology.  A copy of his curriculum vitae is available upon request.

Dr. Dunne is expected to give testimony concerning treatment of the injuries that Plaintiff sustained as a result of a tree limb striking Plaintiff occurring on October 29, 2012, which is the

subject matter of this litigation, and all of the treatment rendered to Plaintiff from the different health care providers. Dr. Dunne shall testify to a reasonable degree of medical probability as to the causal relation of the injuries and treatment to the incident, as well as to the medical necessity of the treatment rendered by health care providers to Plaintiff. Dr. Dunne will further testify as to the fairness, reasonableness, necessity, and causal relation of the medical bills incurred as a result of treatment rendered to the Plaintiff.

Dr. Dunne will give testimony concerning the findings and opinions contained in any report that he may produce. Dr. Dunne will also give testimony concerning the findings and opinions contained in the reports of other healthcare providers, who rendered care to the Plaintiff as a result of the incident. Dr. Dunne will also offer opinions concerning the conclusions and findings rendered by Defendant's experts in their reports, at their depositions, and at trial.

The opinions and conclusions of Dr. Dunne are held to a reasonable degree of medical probability and certainty. The opinions contained herein have been distilled by counsel, are not necessarily to the exact word usage and sentence structure of the witness, and do not necessarily present the entirety of Dr. Dunne's opinions regarding Plaintiff. Reference has not necessarily been made been made to each pertinent part of the medical and other records and literature. Nor is the full expanse of the witness' opinions and the factual bases therefore, necessarily contained in this designation. Dr. Dunne's opinions may be altered or modified based upon the receipt of additional information. Plaintiff reserves the right to supplement this designation should Dr. Dunne develop any additional opinions during the course of litigation.

7. GWU Medical
   2021 K Street, N.W., #600
   Washington, DC 20006

Plaintiff's consulting and attending physicians ("these physicians"), contributed to Plaintiff's medical care before, during, and after Plaintiff's orthopedic surgery, and Plaintiff anticipates calling these physicians to give testimony at the trial of this matter in the field of the respective physician's expertise. Through their education, training, and professional experience, these physicians have expert knowledge in the field of their respective expertise. A copy of their respective curriculum vitae is available upon request.

These physicians are expected to give testimony concerning their treatment of the injuries that Plaintiff sustained as a result of a tree limb striking Plaintiff occurring on October 29, 2012, which is the subject matter of this litigation, and all of the treatment rendered to Plaintiff from the different health care providers. These physicians shall testify to a reasonable degree of medical probability as to the causal relation of the injuries and treatment to the incident, as well as to the medical necessity of the treatment rendered by health care providers to Plaintiff. These physicians will further testify as to the fairness, reasonableness, necessity, and causal relation of the medical bills incurred as a result of treatment rendered to the Plaintiff for the incident.

These physicians will give testimony concerning the findings and opinions contained in any report that they may produce. These physicians will also give testimony concerning the findings and opinions contained in the reports of other healthcare providers, who rendered care to the Plaintiff as a result of the incident. These physicians will also offer opinions concerning the conclusions and findings rendered by Defendant's experts in their reports, at their depositions, and at trial.

The opinions and conclusions of these physicians are held to a reasonable degree of medical probability and certainty. The opinions contained herein have been distilled by counsel, are not necessarily to the exact word usage and sentence structure of the witness, and do not

necessarily present the entirety of these physicians' opinions regarding Plaintiff. Reference has not necessarily been made been made to each pertinent part of the medical and other records and literature. Nor is the full expense of the witnesses' opinions and the factual bases therefore, necessarily contained in this designation. These physicians' opinions may be altered or modified based upon the receipt of additional information. Plaintiff reserves the right to supplement this designation should these physicians develop any additional opinions during the course of litigation.

8. GH Bellevue Medical Center
   11511 NE 10th Street
   Bellevue, WA 98004

Plaintiff's consulting and attending physicians ("these physicians"), contributed to Plaintiff's medical care before, during, and after Plaintiff's orthopedic surgery, and Plaintiff anticipates calling these physicians to give testimony at the trial of this matter in the field of the respective physician's expertise. Through their education, training, and professional experience, these physicians have expert knowledge in the field of their respective expertise. A copy of their respective curriculum vitae is available upon request.

These physicians are expected to give testimony concerning their treatment of the injuries that Plaintiff sustained as a result of a tree limb striking Plaintiff occurring on October 29, 2012, which is the subject matter of this litigation, and all of the treatment rendered to Plaintiff from the different health care providers. These physicians shall testify to a reasonable degree of medical probability as to the causal relation of the injuries and treatment to the incident, as well as to the medical necessity of the treatment rendered by health care providers to Plaintiff. These physicians will further testify as to the fairness, reasonableness, necessity, and causal relation of the medical bills incurred as a result of treatment rendered to the Plaintiff for the incident.

These physicians will give testimony concerning the findings and opinions contained in any report that they may produce. These physicians will also give testimony concerning the findings and opinions contained in the reports of other healthcare providers, who rendered care to the Plaintiff as a result of the incident. These physicians will also offer opinions concerning the conclusions and findings rendered by Defendant's experts in their reports, at their depositions, and at trial.

The opinions and conclusions of these physicians are held to a reasonable degree of medical probability and certainty. The opinions contained herein have been distilled by counsel, are not necessarily to the exact word usage and sentence structure of the witness, and do not necessarily present the entirety of these physicians' opinions regarding Plaintiff. Reference has not necessarily been made been made to each pertinent part of the medical and other records and literature. Nor is the full expense of the witnesses' opinions and the factual bases therefore, necessarily contained in this designation. These physicians' opinions may be altered or modified based upon the receipt of additional information. Plaintiff reserves the right to supplement this designation should these physicians develop any additional opinions during the course of litigation.

9. Kaiser Permanente
   700 2nd Street, N.W.
   Washington, DC 20002

Plaintiff's consulting and attending physicians ("these physicians"), contributed to Plaintiff's medical care before, during, and after Plaintiff's orthopedic surgery, and Plaintiff anticipates calling these physicians to give testimony at the trial of this matter in the field of the respective physician's expertise. Through their education, training, and professional experience,

these physicians have expert knowledge in the field of their respective expertise. A copy of their respective curriculum vitae is available upon request.

These physicians are expected to give testimony concerning their treatment of the injuries that Plaintiff sustained as a result of a tree limb striking Plaintiff occurring on October 29, 2012, which is the subject matter of this litigation, and all of the treatment rendered to Plaintiff from the different health care providers. These physicians shall testify to a reasonable degree of medical probability as to the causal relation of the injuries and treatment to the incident, as well as to the medical necessity of the treatment rendered by health care providers to Plaintiff. These physicians will further testify as to the fairness, reasonableness, necessity, and causal relation of the medical bills incurred as a result of treatment rendered to the Plaintiff for the incident.

These physicians will give testimony concerning the findings and opinions contained in any report that they may produce. These physicians will also give testimony concerning the findings and opinions contained in the reports of other healthcare providers, who rendered care to the Plaintiff as a result of the incident. These physicians will also offer opinions concerning the conclusions and findings rendered by Defendant's experts in their reports, at their depositions, and at trial.

The opinions and conclusions of these physicians are held to a reasonable degree of medical probability and certainty. The opinions contained herein have been distilled by counsel, are not necessarily to the exact word usage and sentence structure of the witness, and do not necessarily present the entirety of these physicians' opinions regarding Plaintiff. Reference has not necessarily been made been made to each pertinent part of the medical and other records and literature. Nor is the full expense of the witnesses' opinions and the factual bases therefore, necessarily contained in this designation. These physicians' opinions may be altered or modified

based upon the receipt of additional information. Plaintiff reserves the right to supplement this designation should these physicians develop any additional opinions during the course of litigation.

   10. ProOrtho Cabrini Medical Tower
       100 116th Avenue, S.E.
       Bellevue, WA 98004

Plaintiff's consulting and attending physicians ("these physicians"), contributed to Plaintiff's medical care before, during, and after Plaintiff's orthopedic surgery, and Plaintiff anticipates calling these physicians to give testimony at the trial of this matter in the field of the respective physician's expertise. Through their education, training, and professional experience, these physicians have expert knowledge in the field of their respective expertise. A copy of their respective curriculum vitae is available upon request.

These physicians are expected to give testimony concerning their treatment of the injuries that Plaintiff sustained as a result of a tree limb striking Plaintiff occurring on October 29, 2012, which is the subject matter of this litigation, and all of the treatment rendered to Plaintiff from the different health care providers. These physicians shall testify to a reasonable degree of medical probability as to the causal relation of the injuries and treatment to the incident, as well as to the medical necessity of the treatment rendered by health care providers to Plaintiff. These physicians will further testify as to the fairness, reasonableness, necessity, and causal relation of the medical bills incurred as a result of treatment rendered to the Plaintiff for the incident.

These physicians will give testimony concerning the findings and opinions contained in any report that they may produce. These physicians will also give testimony concerning the findings and opinions contained in the reports of other healthcare providers, who rendered care to the Plaintiff as a result of the incident. These physicians will also offer opinions concerning

the conclusions and findings rendered by Defendant's experts in their reports, at their depositions, and at trial.

The opinions and conclusions of these physicians are held to a reasonable degree of medical probability and certainty. The opinions contained herein have been distilled by counsel, are not necessarily to the exact word usage and sentence structure of the witness, and do not necessarily present the entirety of these physicians' opinions regarding Plaintiff. Reference has not necessarily been made been made to each pertinent part of the medical and other records and literature. Nor is the full expense of the witnesses' opinions and the factual bases therefore, necessarily contained in this designation. These physicians' opinions may be altered or modified based upon the receipt of additional information. Plaintiff reserves the right to supplement this designation should these physicians develop any additional opinions during the course of litigation.

11. Immediate Clinic
    13131 NE 85th Street
    Kirkland, WA 98033

Plaintiff's consulting and attending physicians ("these physicians"), contributed to Plaintiff's medical care before, during, and after Plaintiff's orthopedic surgery, and Plaintiff anticipates calling these physicians to give testimony at the trial of this matter in the field of the respective physician's expertise. Through their education, training, and professional experience, these physicians have expert knowledge in the field of their respective expertise. A copy of their respective curriculum vitae is available upon request.

These physicians are expected to give testimony concerning their treatment of the injuries that Plaintiff sustained as a result of a tree limb striking Plaintiff occurring on October 29, 2012, which is the subject matter of this litigation, and all of the treatment rendered to Plaintiff from

the different health care providers. These physicians shall testify to a reasonable degree of medical probability as to the causal relation of the injuries and treatment to the incident, as well as to the medical necessity of the treatment rendered by health care providers to Plaintiff. These physicians will further testify as to the fairness, reasonableness, necessity, and causal relation of the medical bills incurred as a result of treatment rendered to the Plaintiff for the incident.

These physicians will give testimony concerning the findings and opinions contained in any report that they may produce. These physicians will also give testimony concerning the findings and opinions contained in the reports of other healthcare providers, who rendered care to the Plaintiff as a result of the incident. These physicians will also offer opinions concerning the conclusions and findings rendered by Defendant's experts in their reports, at their depositions, and at trial.

The opinions and conclusions of these physicians are held to a reasonable degree of medical probability and certainty. The opinions contained herein have been distilled by counsel, are not necessarily to the exact word usage and sentence structure of the witness, and do not necessarily present the entirety of these physicians' opinions regarding Plaintiff. Reference has not necessarily been made been made to each pertinent part of the medical and other records and literature. Nor is the full expense of the witnesses' opinions and the factual bases therefore, necessarily contained in this designation. These physicians' opinions may be altered or modified based upon the receipt of additional information. Plaintiff reserves the right to supplement this designation should these physicians develop any additional opinions during the course of litigation.

12. Evergreen Orthopedic Center
    12911 120th Avenue, N.E.
    Suite H210
    Kirkland, WA 98034

Plaintiff's consulting and attending physicians ("these physicians"), contributed to Plaintiff's medical care before, during, and after Plaintiff's orthopedic surgery, and Plaintiff anticipates calling these physicians to give testimony at the trial of this matter in the field of the respective physician's expertise. Through their education, training, and professional experience, these physicians have expert knowledge in the field of their respective expertise. A copy of their respective curriculum vitae is available upon request.

These physicians are expected to give testimony concerning their treatment of the injuries that Plaintiff sustained as a result of a tree limb striking Plaintiff occurring on October 29, 2012, which is the subject matter of this litigation, and all of the treatment rendered to Plaintiff from the different health care providers. These physicians shall testify to a reasonable degree of medical probability as to the causal relation of the injuries and treatment to the incident, as well as to the medical necessity of the treatment rendered by health care providers to Plaintiff. These physicians will further testify as to the fairness, reasonableness, necessity, and causal relation of the medical bills incurred as a result of treatment rendered to the Plaintiff for the incident.

These physicians will give testimony concerning the findings and opinions contained in any report that they may produce. These physicians will also give testimony concerning the findings and opinions contained in the reports of other healthcare providers, who rendered care to the Plaintiff as a result of the incident. These physicians will also offer opinions concerning the conclusions and findings rendered by Defendant's experts in their reports, at their depositions, and at trial.

The opinions and conclusions of these physicians are held to a reasonable degree of medical probability and certainty. The opinions contained herein have been distilled by counsel, are not necessarily to the exact word usage and sentence structure of the witness, and do not

necessarily present the entirety of these physicians' opinions regarding Plaintiff. Reference has not necessarily been made been made to each pertinent part of the medical and other records and literature. Nor is the full expense of the witnesses' opinions and the factual bases therefore, necessarily contained in this designation. These physicians' opinions may be altered or modified based upon the receipt of additional information. Plaintiff reserves the right to supplement this designation should these physicians develop any additional opinions during the course of litigation.

13. Lew Bloch
    10916 Bells Ridge Drive
    Potomac, MD 20854

Mr. Bloch is a consulting arborist and landscape architect at Bloch Consulting Group in Potomac, Maryland. Plaintiff anticipates calling Mr. Bloch to give testimony at the trial of this matter in the field of arboriculture, obligations for arbor inspection and maintenance, and the scientific process for identifying and removing a dead tree. Through his education, training, and professional experience, Mr. Bloch has expert knowledge in the field of arboriculture. A copy of his curriculum vitae is available upon request.

Mr. Bloch is expected to give testimony concerning the arbor decay that proceeded the tree limb striking Plaintiff on October 29, 2012, which is the subject matter of this litigation. Mr. Bloch shall testify to a reasonable degree of scientific probability as to the causal relation of Plaintiff's injuries and the decay of the tree that caused Plaintiff's injuries. Mr. Bloch will further testify as to the proper arbor maintenance that would prevent a dead tree's limb from suddenly

falling to the ground. Mr. Bloch will testify to the National Park Service's duty to inspect regularly for dead trees or limbs, asses risk of the respective target area to which dead trees or limbs could fall, and take timely action to remove dead or dying trees or limbs before the trees or limbs impact their respective target area. Mr. Bloch will give testimony concerning the findings and opinions contained in any report that he may produce. Mr. Bloch will also offer opinions concerning the conclusions and findings rendered by Defendant's experts in their reports, at their depositions, and at trial.

The opinions and conclusions of Mr. Bloch are held to a reasonable degree of scientific probability and certainty. The opinions contained herein have been distilled by counsel, are not necessarily to the exact word usage and sentence structure of the witness, and do not necessarily present the entirety of Mr. Bloch's opinions regarding the tree. Reference has not necessarily been made been made to each pertinent part of the medical and other records and literature. Nor is the full expanse of the witness' opinions and the factual bases therefore, necessarily contained in this designation. Mr. Bloch's opinions may be altered or modified based upon the receipt of additional information. Plaintiff reserves the right to supplement this designation should Mr. Bloch develop any additional opinions or reports during the course of litigation.

Plaintiff reserves the right to supplement the Expert Witness Disclosures as discovery is on-going.

Respectfully Submitted,

**PRICE BENOWITZ, LLP**

By: */s/ John J. Yannone*
John J. Yannone, Esq.

Federal Bar No. 452458  
John@PriceBenowitzlaw.com  
Price Benowitz, LLP  
409 7th Street, NW, Suite #200  
Washington, D.C. 20004  
Phone:  (202) 417-6015  
Fax:  (301) 244-6659  
*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I do hereby certify that on this 5th day of July, 2017, a copy of the foregoing Plaintiff's Expert Witness Disclosures was served by electronic mail on counsel of record.

*/s/ John J. Yannone*  
John J. Yannone, Esq.