UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARY LOU WALEN <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, *et al.* <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> )     Civil Action No. 15-cv-01718 BAH <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## <u>FEDERAL DEFENDANT'S REPLY MEMORANDUM</u>
## <u>IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT</u>

Defendant, the United States of America ("the Federal Defendant"), by and through

undersigned counsel, provides this memorandum in support of its motion for summary judgment,

pursuant to Rule 56(c) of the Federal Rules of Civil Procedure (ECF No. 47), and to reply to the

opposition (ECF No. 50) filed by Plaintiff Mary Lou Walen in defense of her action against the

Federal Defendant pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b),

2671-2680.  Plaintiff's contributory negligence operates as a complete bar to her claim under the

law of the District of Columbia and Plaintiff has failed to rebut the Federal Defendant's

entitlement to summary judgment.  Alternatively, Plaintiff has failed to rebut the Federal

Defendant's showing that Plaintiff's expert report fails to competently establish the Federal

Defendant's breach of the duty of care.  For these reasons, the Federal Defendant is entitled to

summary judgment.

I.    **Plaintiff's Contributory Negligence Bars Recovery for the Federal Defendant's Alleged Negligence**

Plaintiff brings this action against the defendants seeking compensation, in tort, for injuries she sustained on October 29, 2012, in the vicinity of Rock Creek Park in Northwest Washington, D.C.  By operation of the FTCA, the Federal Defendant is liable to the Plaintiff in accordance with the law of the jurisdiction wherein the incident occurred.  28 U.S.C. § 1346(b)(1).   In the District of Columbia, a plaintiff's failure to take reasonable care for her own safety, judged on an objective standard of the care a reasonably prudent person would apply under the circumstances to avoid injury, operates to bar recovery—even against a defendant that was concurrently negligent.  Plaintiff's opposition (replete with characterizations about the length of District's state of emergency, the weather at the time of the accident, and the actual timing of Hurricane Sandy's landfall) distorts the contributory negligence analysis.  Under the law of the District of Columbia, the question for the Court is whether a reasonably prudent person would have elected to walk outdoors, along a tree-lined street adjacent to woody parkland during the relatively short, 12 to 15 hour period wherein the District of Columbia's mayor and emergency managers had instructed to "remain indoors" and to "shelter-in-place" due to the likelihood that trees might fall.

The facts material to this inquiry are not in dispute, and the Federal Defendant submits that a reasonably prudent person would adhere to the clear and unequivocal instructions and warnings provided by the District's emergency managers regarding the impact of Hurricane Sandy upon the Capital region:  *to stay indoors*.  When citizens substitute their own judgment for that of emergency management officials they do so at their own risk.  Had Plaintiff heeded emergency

managers' warnings—had Plaintiff remained indoors as instructed, or elected to take a cab or ride service to accomplish her task—she would not have been struck by the tree limb that fell precisely when the District's emergency managers had warned it might.  Under the law of the District of Columbia, Plaintiff's failure to take reasonable care for her own safety bars recovery this case.

*1.     Contributory Negligence Framework in the District of Columbia*

The District of Columbia remains one of the few jurisdictions in which a plaintiff's contributory negligence operates as a complete bar to recovery against the defendant.  *See Blake v. Securitas Sec. Servs., Inc.*, 962 F. Supp. 2d 141, 146 (D.D.C. 2013) (citing *Andrews v. Wilkins*, 934 F.2d 1267, 1272 (D.C. Cir. 1991)).  In the District of Columbia, contributory negligence is "conduct 'which falls below the standard to which a plaintiff should conform for [her] own protection' and contributes to the plaintiff's injury." *Stotmeister v. Alion Science & Tech. Corp.*, 65 F. Supp. 2d. 56, 72 (citing *Scoggins v. Jude*, 419 A.2d 999, 1004 (D.C. 1980) (quoting RESTATEMENT (SECOND) OF TORTS § 496E, Comment a (1965)).

The standard by which a plaintiff's contributory negligence is judged in the District of Columbia is ordinary care:  it is "the failure to act with the prudence demanded of an ordinary reasonable person under like circumstances." *Stotmeister*, 65 F. Supp. 2d at 71 (citing *Stager v. Schneider*, 494 A.2d 1307, 1311 (D.C. 1985)). And because the standard is objective, it turns not upon what the plaintiff knew about her own safety, but what the plaintiff *should have known*: "[T]he defense of contributory negligence requires a determination of what the plaintiff should have known and acted upon in the exercise of reasonable care for [her] own safety," *Id*. (citing *Morrison v. MacNamara*, 407 A.2d 555, 566 (D.C. 1979)).  Contributory negligence "generally

involves inadvertence or failure to observe or act."  *Id*. (citing *Harris v. Plummer*, 190 A.2d 98, 100 (D.C. 1963)).

The contributory negligence analysis is also independent of whether the defendant was, itself, negligent.  "Where contributory negligence is in issue, the courts to not balance the negligence of the respective parties to determine which was the most at fault."  3 STUART M. SPEISER, CHARLES F. KRAUSE & ALFRED W. GANS, AMERICAN LAW OF TORTS § 12.3 (March 2018 Update).  While contributory negligence is typically a question for the trier of fact—the Court in this FTCA case[1]—summary judgment is appropriate where the facts material to the contributory negligence inquiry are not in dispute and support but one reasonable inference.  *See Brown v. District of Columbia*, 589 A.2d 384, 388 (D.C. 1991).

In the District of Columbia, a plaintiff's failure to follow a warning that particular activity is unsafe under the circumstances operates to bar recovery against a defendant, as a matter of law. For example, in *Phillips v. Fujitec Am., Inc.*, 3 A.3d 324 (D.C. 2010), the plaintiff found herself trapped in an elevator.  Despite being advised to remain inside the elevator by a friend, who was trained as a "first responder", the plaintiff attempted to free herself by climbing out of the elevator and she fell to her death.  *Id*.  The District of Columbia Court of Appeals affirmed summary judgment dismissing the plaintiff's case, as a matter of law, because the facts material to the question of the plaintiff's contributory negligence were not in dispute and demonstrated that the plaintiff had unreasonably exposed herself to a known risk.  *Id*. at 329.  In so concluding, the court endorsed the defendants' contentions that "it is widely recommended that passengers should stay inside the elevator when it gets stuck between floors" and that the plaintiff "would have been fine" had she stayed inside the safety of the elevator car.  *Id*.

---

[1] 28 U.S.C. § 2402.

Similarly, in *Krombein v. Gali Serv. Indus.*, 317 F. Supp. 2d 14 (D.D.C. 2004), this Court, applying District of Columbia law in a diversity action, granted summary judgment to the defendants, dismissing the plaintiff's complaint because the plaintiff was contributorily negligent as a matter of law.  In *Krombein*, the plaintiff was injured when she fell on a wet floor after observing two cautionary, wet-floor signs.  Though the plaintiff argued that wet-floor signs do not instruct visitors not enter the area, the court concluded the plaintiff had failed to "spell out any facts that could lead a reasonable jury to decide in her favor on the contributory negligence defense." *Id*. at 19.  Quite simply, "the plaintiff walked where the ordinary reasonable person would fear to tread", requiring summary judgment, as a matter of law, by virtue of the plaintiff's contributory negligence.  *Id*. at 19-20.

### 2. *Application to Plaintiff's Conduct on October 29, 2012*

In support of its motion for summary judgment, the Federal Defendant included a Statement of Material Facts Not in Dispute (ECF No. 47-1), which included 20 statements relevant to support Plaintiff's contributory negligence as a matter of law.  While Plaintiff asserts that genuine material facts exist concerning the defendants' alleged negligence, including disputes about the defendants' tree inspection and maintenance, maintenance jurisdiction, and expert opinions, those factual disputes apply to the question of the Federal Defendant's negligence, not the Plaintiff's contributory negligence.  Plaintiff does not appear to dispute any of the 20 material facts not in dispute offered by the Federal Defendant in support of the Court's contributory negligence analysis.  If the Court agrees with the Federal Defendant that Plaintiff's conduct on October 29, 2012, unreasonably exposed her to the risk of being struck by a tree limb, the Court should grant summary judgment at this time.

The most salient of the undisputed facts are that on October 28, 2012, the day before Plaintiff's accident, the Mayor of the District of Columbia and the District of Columbia emergency managers held a press conference wherein they instructed residents to remain indoors and to "shelter in place" for fear of falling trees and power lines.  *See* Federal Defendant's Statement of Material Facts Not in Dispute, ECF No. 47-1, at ¶¶ 12-16.  District residents were advised to "stay alert, stay indoors, and stay prepared" during the period in which Hurricane Sandy impacted the region.  Emergency managers also specifically advised the period in which residents should take caution: from noon on October 29, 2012, through the early hours of the following day.  *Id*. at ¶ 16.  The approaching storm and the emergency-management instructions to residents were well-covered by local news outlets.  *Id*. at ¶ 17.  In fact, the District's news outlets had been warning residents for several days to expect their lives to be impacted by Hurricane Sandy, and to make appropriate preparations.[2]

Yet, instead of staying indoors from noon on October 29, 2012, through the early hours of the following day, Plaintiff determined to walk from her apartment in Northwest Washington, D.C., along Connecticut Avenue, over the Klingle Valley bridge in an area that is surrounded by trees, at approximately 3:00 p.m.—and she was struck by a tree limb.  In her opposition memorandum, Plaintiff responds that the weather at the time of the accident was not unusual and

---

[2]   Standard hurricane preparations include acquiring prescription medication that might be needed during the time that services are not accessible.  *See, e.g.* Federal Emergency Management Agency, "How to Prepare for a Hurricane", at 11, https://www.fema.gov/media-library-data/1494007144395-b0e215ae1ba6ac1b556f084e190e5862/FEMA_2017_Hurricane_HTP_FINAL.pdf.

the effects of Hurricane Sandy "were not felt in the D.C. area until approximately 10:00 p.m." Plaintiff's Opposition Memorandum (ECF 50-1) at 6.[3]

The conclusions Plaintiff draws from the weather observations, however, are simply not accurate. For example, Plaintiff's own weather analyst[4] noted that by 12:00 p.m., winds were increasing, with gusts up to 34 miles per hour, and that Reagan National Airport experienced a wind-gust of 47 miles per hour at approximately 3:07 p.m., just minutes before a tree limb struck Plaintiff several miles away on Connecticut Avenue. *See* Complaint (ECF 1) at ¶ 7. Tropical-storm force winds are 39 miles per hour or more,[5] and the Capital region was experiencing winds approaching or exceeding tropical-storm force for hours before Plaintiff's accident. Given the massive expanse of Hurricane Sandy, the largest hurricane in American history by width/coverage, pinpoints as to the storm center's location at the time of the accident are less meaningful than that fact that the region had been experiencing tropical-storm force or near tropical-storm force winds for hours prior when a tree limb fell on Plaintiff at approximately 3:15 p.m. on October 29, 2012.

Plaintiff's claims about lack of "specific warnings"[6] notwithstanding—because they are simply not true—the fact remains that Plaintiff had been warned to stay indoors that afternoon to avoid risks posed by falling trees . . . and when she ventured out in defiance of those warnings, she was struck by a tree limb. Indeed, the region was experiencing the storm's effects at the time

---

[3]   In support of this proposition, however, Plaintiff points to the time that the maximum wind speed was observed at Washington's Reagan National Airport on October 29, 2012. This information does not appear relevant to denoting a time when the D.C. area began to experience the effects of Hurricane Sandy.

[4]   *See* Plaintiff's Opposition Exhibit A (ECF 50-3) at 2.

[5]   Tropical storm winds are in excess of 39 miles per hour. *See, e.g.* National Hurricane Center Glossary of Terms, https://www.nhc.noaa.gov/aboutgloss.shtml.

[6]   Pl. Opp. (ECF 50-1) at 11.

of the accident, including significant sustained winds and a 47-mile per hour wind gust just minutes before the accident.  The Federal Defendant does not argue, as Plaintiff alleges, that the contributory negligence rationale should apply to any incident during the course of the 15 day "State of Emergency" period declared by District of Columbia mayor to qualify for federal emergency assistance as that would indeed be absurd.  *See* Pl. Opp. (ECF 50-1) at 10.  But Plaintiff cannot escape the fact that the District of Columbia's mayor and emergency management agencies warned residents to remain indoors and away from trees from approximately noon on Monday, October 29, 2012, through the early morning hours of Tuesday, October 30, 2012, as Hurricane Sandy passed.   Plaintiff elected not to stay indoors, and Plaintiff elected not to stay away from trees.  Instead, she elected to walk along a tree-lined street and across a bridge that spanned a woody park area, filled with trees.

Under the law of the District of Columbia, a plaintiff's unreasonable decision to expose herself to risks that formed the basis of warnings prior to the plaintiff's incident, that the plaintiff knew or should have known at the time, bars recovery by operation of contributory negligence.  The Federal Defendant submits that the rationale in *Phillips* and *Krombein* applies equally in this case and despite the Federal Defendant's sympathy for Plaintiff's injuries, Plaintiff's determination to walk along a tree-lined street on the afternoon of October 29, 2012, marks a failure to reasonably care for her own safety.  Because the facts material to this conclusion are not in dispute, the Federal Defendant respectfully requests the Court to grant summary judgment and dismiss Plaintiff's complaint against it.

## II.      Plaintiff Fails to Rebut Deficiencies in Her Tree Expert's Report

In her Opposition memorandum, Plaintiff also fails to demonstrate that the expert report of

arborist, Lew Bloch, passes the Court's preliminary, "gatekeeping" assessment for competent

expert testimony under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharm., Inc.*,

509 U.S. 579 (1993).  In effect, Plaintiff's response is that her expert is an arborist, and an

arborist can tell from a photo of broken tree branches that the Federal Defendant violated the

standard of care for trees under its management in the Klingle Valley.   Plaintiff's expert does

not, however, provide any arboreal science or publications in support of these conclusions, only

that they are drawn from his expertise as an arborist.  Similarly, Plaintiff's expert report provides

no information regarding from which tree the limb came or under whose management the tree

falls, nor how the relevant landowner's inspection regime should have identified and mitigated

the limb based on industry practices or arboreal science.

The Federal Defendant contends that Plaintiff's expert report speaks for itself, but that it

fails to meet the standard under Federal Rule of Evidence 702 requiring that "(a) the expert's

scientific, technical, or other specialized knowledge will help the trier of fact to understand the

evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c)

the testimony is the product of reliable principles and methods; and (d) the expert has reliably

applied the principles and methods to the facts of the case."  *United States v. Hite*, 769 F.3d

1154, 1168 (D.C. Cir. 2014).  Because Plaintiff's allegations that the Federal Defendant's

negligent tree management caused her injuries requires competent expert evidence, and because

Plaintiff's expert evidence is insufficient to meet that burden of proof at trial, the Federal

Defendant respectfully requests the Court to grant summary judgment and dismiss Plaintiff's

case.

Dated: February 11, 2019
Washington, DC

Respectfully submitted,

JESSIE K. LIU, D.C. Bar #472845
United States Attorney

DANIEL F. VAN HORN, D.C. Bar #924092
Chief, Civil Division

By: _____/s/_____

WYNEVA JOHNSON
Assistant United States Attorney
555 4th Street, NW
Washington, DC 20530
(202) 252-2518
Wyneva.Johnson@usdoj.gov

*Attorneys for the United States of America*

*Of Counsel*
Charles Wallace
Attorney - Advisor
Solicitor's Office - General Law
U.S. Department of the Interior

10